### JOHN H. STEWART v. LOGAN COUNTY OHIO.

1. REFUSAL OF COUNTY COMMISSIONERS TO ALLOW AN AUDITOR CERTAIN COMPENSATION.

Upon the refusal of the county commissioners to allow an auditor compensation for making out special road improvement duplicates, appeal to the court of common pleas is the only remedy.

2. PLEADINGS IN SUCH CASE.

In such case pleadings are not authorized by the statute; a petition being filed, a general demurrer was properly sustained.

3. THE COURT MUST ALLOW OR DISALLOW THE CLAIM.

The court must allow or disallow the claim; a final judgment having been rendered against the claimant, it will be presumed that the court disallowed the claim.

ERROR to the Court of Common Pleas of Logan county.

Stewart, a former auditor of Logan county, presented a claim to the county commissioners for services rendered by him for the county, in making what is known as road improvement duplicates. The board examined the claim, and disallowed it. From this order of the county commissioners Stewart appealed to the court of common pleas, duly perfecting his appeal. A petition was then filed in the court of common pleas, upon this claim, by Stewart v. Logan County. A general demurrer was sustained to this petition. The plaintiff not further pleading, final judgment was rendered in favor of Logan county and against plaintiff. A motion was made by plaintiff to set aside the judgment and grant a new trial, which was overruled.

Seney, J.

The question made in argument was:  How much are the auditors of the county, under the statutes of the state, entitled to receive for making out what is known as "Special Tax Duplicates, for Road Purposes;" and whether they are required to make out, each year, one of these duplicates for the auditor and one for the treasurer.  This question it is claimed by plaintiff in error, is properly made in this court by reason of the action of the court below, upon the demurrer to the petition.

The claim was for services claimed to have been rendered for the county under sec. 1075, Rev. Stat. under sec. 1077, Rev. Stat., such claim can only be paid upon the allowance of the county commissioners.  Sec. 896, Rev. Stat., provides, "If a person is aggrieved by the decision of the county commissioners in any case, such person may appeal to the court of common pleas," etc., etc.

And, as was held in the case of Shepard v. Commissioners, 8 O. S., 354, and re-affirmed in the case of State ex rel. v. Commissioners, 26 O. S., 364, appeal is the only remedy.

When the appeal is perfected, under sec. 896, the court shall at their next session, hear and determine the same, which decision shall be final.  Hear and determine what?  The merits of the claim presented to the commissioners, not the merits of a cause of action alleged in a petition; not as in this case, a cause of action alleged in a petition, in which Stewart shall be plaintiff and Logan County defendant; but the claim as originally presented to the commissioners, and to which hearing under sec. 896, the commissioners are required to be notified, in order that they can present to the court, as representatives of the county's interests, why the claim should be disallowed—not some issue that shall be made up by pleadings, but upon the simple claim, which the court shall hear and determine, and the decision shall be, not a judgment against the county, but the allowance or disallowance of the claim as presented to the commissioners.

Hence, we hold that an appeal from the decision of the county commissioners from their disallowance of this kind of a claim, is heard upon the original papers, without pleadings.  We are sustained in this view by the case of the Commissioners v. Robb, 5 O. S., 490, and the case of the Commissioners v. Zeigelhofer, 38 O. S., 523.

The filing of the petition and demurrer in the court below were unauthorized by the statute, and being unauthorized, the demurrer was properly sustained.  After the action of the court upon the demurrer, the record discloses that the court rendered a final judgment against the plaintiff.  As the only judgment the law authorized the court to render, was one allowing or disallowing the claim, and as the judgment was against the plaintiff, it will be presumed that the court disallowed it.

The remaining question is, should the claim have been disallowed?  This we are unable to answer, as we have no bill of exceptions.  So, we hold that the question made in argument is not before us.

Judgment will be affirmed, with costs, and without penalty.

All the judges concurred.

West, Brown & West, for plaintiff in error.

W. S. Plum, for defendant in error.