### EPHRAIM RIDENOUR ET AL. V. THE STATE OF OHIO.

1. COMPENSATION OF COUNTY AUDITOR FOR RECORDING DITCH AND ROAD PROCEEDINGS.

    The claim of a county auditor for compensation for recording ditch and road proceedings, as well as for other services required by law, must be presented for allowance to the county commissioners, and be allowed by them, before he is authorized to draw his warrant for the same on the county treasury.

2. REMEDY IF CLAIM IS DISALLOWED IN WHOLE OR IN PART.

    If the claim is disallowed in whole or in part his only remedy is by appeal to the court of common pleas.

3. ACTION UPON THE AUDITOR'S OFFICIAL BOND TO ROCOVER BACK AS ILLEGAL AND EXCESSIVE, A PART OF SUCH CLAIM.

    Where such claims have been allowed by the commissioners and their allowance spread upon the minutes of the board, an action upon the official bond of the auditor, to recover back as illegal and excessive, parts of the bills so allowed, will not lie, so long as the record of such allowance is not impeached for fraud or collusion—such allowance being in the nature of a judicial act.

ERROR to the Common Pleas Court of Paulding county.

PRICE, J.

Suit was brought in the name of the State of Ohio on the official bond of Ephraim Ridenour, as auditor of Paulding county, and he and the sureties on the bond were joined as defendants.

The petition contains five causes of action in each of which misfeasance in office is charged, in that, while in office, he presented to the board of county commissioners, accounts or bills for services rendered

7 Dec. 31

by him as auditor, part of which was illegal, and that he drew his warrants for the amounts he so represented to be due him, and was paid therefor out of the county funds. It is alleged in eace cause of action, that the accounts presented, were for recording ditch entries made in various county ditches, named—for writing notices, ditch warrants and orders, and in the third cause of action, it is further averred that in the account therein described, the auditor included charges for recording plat and profile and a large number of words and figures pertaining to the proceedings of the Fleck road improvement, and that parts of such charges were illegal and excessive. In each and all of the causes of action, it is alleged that a certain named amount of the account presented, was legal and due, and a certain stated amount of each illegal, and that in presenting their bills and drawing his warrants for the same, he received fees in excess of the rate allowed by law, in violation of his bond, and damages are claimed to the extent of the several sums so unlawfully received.

The petition is silent as to what, of any action was taken on these bills by the commissioners—whether they were allowed or disallowed. This may be the reason why the lower court overruled a demurrer to the petition; for as it stands, it in substance, alleges that the auditor presented and certified the illegal with the legal charges, and drew his warrants for the same, and thus received the money, without stating that the bills were in any way acted upon by the commissioners. The law does not permit the auditor to obtain his compensation in that manner, as we shall see hereafter. *Cricket et al.* v. *The State*, 18 O. S., P. 10-24. The defendants answered and denied that the accounts, or any part thereof, presented by the auditor, and embraced in the petition, were excessive or illegal; and they set up as a substantive defense, that each of the bills or accounts, was in good faith presented to the board of commissioners at either a regular or called session, that they were duly examined and allowed by them as valid claims in favor of the auditor, and that orders allowing each of them were spread upon the journal as required by law, and that when the record was thus made, he drew his warrants for the money and thereby obtained it from the treasury.

As to recording the plats, profiles and large columns of figures pertaining to Fleck road improvement, the answer says this service was done under special employment by the commissioners and is a part of the account in the third cause of action.

The court below sustained a demurrer to this defense, or rather the several similar defenses to the different causes of action, and gave judgment for the state on the bond for the amounts claimed to have been collected as illegal fees.

This ruling is assigned for error here, and we are presented with the very interesting question: Do the facts plead in the answer make a defense to the petition?

We have stated the nature of the issue at some length, in order that our conclusions may be readily understood.

It is contended by counsel for the state that the compensation of a county auditor is fixed by section 1078, Revised Statutes, and preceding sections of the same chapter. The section reads: "The fees and compensation provided for by the foregoing sections shall be in full for all services lawfully required to be done by the auditors of such counties; and it shall be unlawful for any county auditor to charge or re-

ceive any other or further fees or compensation either as clerk of any board or for any other services rendered by him.''

The chapter containing this section is the general statute prescribing the duties and services of county auditors and providing for their compensation.

It is claimed on the other hand by counsel for the plaintiffs in error, that section 4506 of the county ditch law, governs as to fees in making most of the bills in question. That such are not the general services covered by section 1078. And to support this view, section 2775 and section 4064, are cited as other instances where special services therein contemplated, shall have special compensation, and that these provisions are not in conflict.

Now from the character of the bills rendered and the facts of the answer admitted by the demurrer—that each had been in good faith presented to the board and by it, duly examined and allowed as a valid claim and so recorded; what affect should such findings and orders have, so long as they are not vacated by appeal, or impeached under proper averments for fraud or collision? Does such recorded action of the board count for anything in a suit like this?

Section 894 provides that "no claims against the county, shall be paid otherwise than upon allowance of the county commissioners, upon the warrant of the county auditor except" * * In section 896 it is provided—"If a person is aggrieved by the decision of the county commissioners in any case such person may, within fifteen days thereafter, appeal to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial. * * * And the court at their next session shall hear and determine the same, which decision shall be final."

This is an old statute and has been frequently considered and construed by the courts of this state, to the effect, that the board has to some extent, a judicial function, and when the auditor desires compensation, according to section 1077, he "shall make out his account in detail according to the rates named in the foregoing sections, and it shall be presented to the county commissioners, who, after being *satisfied* that the labor has been performed, shall *allow* said bill or claim and cause the same to be spread upon the minutes of the board; and after being so *allowed*, the county auditor is authorized to draw his warrant upon the treasurer of the county for the amount of the claim so allowed.

Here we have a tribunal to pass on all claims against the county except those named in section 894, and the way its findings and orders shall be made of record. And we have in section 896 the right of appeal in favor of any aggrieved party to the court of common pleas, where a speedy trial shall be had and where the decsion is final. The appeal is from the judgment of one—the primary court, to another of final jurisdiction. If there is no appeal taken then is not the judgment of the commissioners final until impeached for fraud or collusion?

They may go beyond the face of accounts presented. While they are presumed to know the law regulating auditor's fees in ditch and road proceedings, they may carry the investigation so far as to hear evidence and fully test the accuracy of his bills, and when "*satisfied*" that they are correct shall *allow* them. In all this they act in a judicial capacity, and their orders of allowance when spread upon the minutes, are in the nature of judgments. For character of their record see section 850, Revised Statutes.

This position is strengthened by the rule frequently recognized in Ohio, that where the commissioners refuse to allow a bill, the *only* remedy is by appeal.

In case of *John H. Stewart* v. *Logan Co.* decided by this court and reported in 1 O.C.D. 404—it was held, that upon the refusal of the county commissioners to allow an auditor compensation for making out special road improvement duplicates, appeal to the court of common pleas is his only remedy.

In the case of *Shephard* v. *Commissioners of Darke Co.*, 8 O. S., 354, the supreme court of Ohio held, that for statutory claims against a county, such as officers' fees, where the commissioners refuse to allow, the only remedy is by appeal.

The syllabus is: "Where a claim against a county is created by statute and to be paid by the county upon the allowance of the county commissioners, if the claim is in part allowed by the county commissioners, the remedy of the claimant, if not satisfied with the determination by the commissioners, is to appeal to the court of common pleas, and in such case he cannot sue at common law."

On page 358, the court say:

"What we hold in the present case is, where a claim against a county is of such a nature, that but for the statute, no right of action at common law would exist on the claim against the county, the remedy prescribed by statute (appeal) must be pursued and no cumulative remedy exists." * * *

We need not stop to do more than suggest that the compensation of auditors is purely statutory.

In case of *State ex rel. of Gerke* v. *Commissioners of Hamilton Co.*, 26 O. S., 364, the same doctrine is again plainly laid down. The principle to be deduced from these cases is, that where the commissioners refuse to allow all or part of an auditor's bill for compensation, such refusal is a final adjudication of his rights, unless he appeals to the court of common pleas.

If this is true when the ruling of the board is against him, it should have some legal force and value when it is in his favor.

This is not an action directly attacking the orders allowing the claims on the ground of fraud or collusion, or both; or because of any fraud practiced upon the board for the petition contains no such averments but it is an action to recover back from the officer and his sureties in the face of the statutory record of allowance by the tribunal to which alone such claims must be presented.

We have a very pertinent case on this subject in *Commissioners of Scioto Co.* v. *Gherny*, Wright Rep., 493. It was a suit brought by the commissioners to recover back compensation allowed by their predecessors to the county auditor, and was tried to a jury.

Wright, J. charged the jury: "If you believe the testimony of the former commissioners, that they settled their accounts upon full examination and allowed what was paid because they thought it no more than a reasonable compensation, then we think the defendant is entitled to your verdict."

In disposing of the motion for new trial, the same judge, on page 495, announced briefly the whole law supporting his charge.

The case of *Commissioners* v. *Noyes*, 35 O. S., 201, may be cited to the same effect. What interest has the state of Ohio in this case? None

Railroad Company v. Heeter.

as a state. If any money is recovered in this action, it will be paid into the county treasury, because it came from that source.

The statute authorizes the commissioners to bring suits to recover moneys due the county; and we think, bringing this suit in the name of the state—a nominal party merely—does not change the character of the action or deprive the bondsmen of any valid defense.

And if the suit had been brought by the commissioners, instead of in the name of the state, it would seem strange indeed, that against and in the face of their own recorded judgment of allowance, they could recover back parts of the bills they had allowed.

If this action on such pleadings shall prevail, then in every instance, where there has been, by mistake of law or fact, however innocently or honestly made, an item of five dollars or less, allowed in the accounts for compensation of an auditor or other officers, during his term, suits upon their official bonds will be upheld to recover it back.

We cannot believe such is the law.

In our judgment, the answer states a good defense to the petition, and the demurrer thereto should have been overruled.

The judgment is reversed, the demurrer overruled and cause remanded for further proceedings.

*Snook & Wilcox,* Attorneys for Plaintiffs in Error.
*Corbet*, Attorney for Defendant in Error.